```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION
```

FILED
01 MAY 18 PM 2:0
N.D. OF ALABAMA

CARL TUCKER, et al.,         )
                             )
     Plaintiff,              )
                             )
vs.                          )   Civil Action No. CV-00-S-1848-NE
                             )
TACO BELL CORP.,             )
                             )
     Defendant.              )

ENTERED
MAY 18 2001

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss plaintiffs' amended complaint (doc. no. 28), plaintiffs' motion to compel (doc. no. 31), and defendant's motion to continue the hearing on plaintiffs' motion to compel (doc. no. 32). Upon consideration of the motions, pleadings, and briefs, the court concludes that the motion to dismiss and the motion to compel are due to be denied. Defendant's motion to continue the hearing on plaintiffs' motion to compel is, therefore, due to be denied as moot.

### I. BACKGROUND

On or about July 5, 1998, plaintiffs — 41 American citizens of African ancestry — entered the Taco Bell restaurant in Cullman, Alabama, and attempted to purchase food. Plaintiffs allege that they were "forced to wait for an inordinate period of time" for



service.[1]  While waiting, they allege that Caucasian patrons were promptly waited on, and received their food.  Despite protesting to management about what they viewed as unequal treatment on the basis of race, no corrective action was taken.  Plaintiffs were never served, and eventually left the restaurant.[2]

In their original complaint, plaintiffs alleged three causes of action: (1) violation of 42 U.S.C. § 2000a; (2) violation of 42 U.S.C. § 1981; and, (3) outrageous conduct.  In addition, in count IV of the complaint plaintiffs seek declaratory relief.  On February 6, 2001, plaintiffs filed an amended complaint, which adds two more causes of action:  violation of the Civil Rights Act of 1886, 42 U.S.C. § 1982; and state law claims of negligent and/or wanton training and supervision of defendant's employees.[3]

Defendant has now brought a motion seeking to dismiss the newly added causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that plaintiffs fail to state a claim upon which relief can be granted.[4]

## II. STANDARDS FOR GRANTING A MOTION TO DISMISS

In general, a court may dismiss a complaint for failure to

---

[1] Complaint, (doc. no 1), ¶ 53
[2] *Id.*
[3] Amended complaint (doc. no. 27).
[4] Motion to dismiss (doc. no. 28).

2

state a claim upon which relief can be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[5]

In ruling upon a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Notice pleading is all that is required: that is,

---

[5] *See also, e.g.,* Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (same).

3

> a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Conley, 355 U.S. at 47-48, 78 S.Ct. at 103 (citation omitted); see also Fed. R. Civ. P. 8(a).[6]

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." Brooks, 116 F.3d at 1369 (emphasis in original) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)[7]).

Thus, the threshold requirements for a complaint to survive a

---

[6] Federal Rule of Civil Procedure 8(a) provides in part that: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." See also Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

Id. at 1368-69 (citation omitted).

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

Rule 12(b)(6) motion to dismiss generally are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss

##### 1. 42 U.S.C. § 1982

Section 1982 bars racial discrimination in transactions involving real or personal property. It reads, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The Supreme Court has clearly held that § 1982 applies to "both official and private racially discriminatory interference with property rights." *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616, 107 S.Ct. 2019, 2021, 95 L.Ed.2d 594 (1987). Section 1982 is "construed in tandem" with 42 U.S.C. § 1981. In order to establish a claim under these statutes,

a plaintiff must show that: (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and, (3) the discrimination concerned one or more of the activities enumerated in the statute (e.g., the purchase of personal property). *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

Here, plaintiffs allegations clearly state a claim under § 1982. Plaintiffs attempted to make purchases of personal property (food) and allegedly were denied that right on the basis of their race. Defendant's brief asserts that plaintiffs "were merely denied services."[8] Defendant then cites cases in which the plaintiffs did not attempt to make purchases of property, such as *Morris*, 89 F.3d 411, 414 (summary judgment granted where plaintiffs "failed to demonstrate that they would have attempted to purchase" personal property), and *Perry v. Burger King Corp.*, 924 F. Supp. 548, 552 (S.D.N.Y. 1996) (dismissing § 1982 claim in case where plaintiff was refused use of a restaurant's bathroom facilities). These cases are easily distinguished from the instant matter. Accordingly, this court is not convinced that dismissal under Rule 12(b)(6) is warranted.

---

[8] Motion to dismiss (doc. no. 28), ¶ 5.

### 2. Negligent and/or Wanton Training and Supervision

The Alabama Court of Civil Appeals has observed that there is not an identifiable difference between a claim of negligent supervision and a claim of negligent training. *See Zielke v. AmSouth Bank, N.A.*, 703 So. 2d 354, 358 n.1 (Ala. Civ. App. 1996). As such, both "claims" are to be analyzed as one. *Portera v. Winn Dixie of Montgomery, Inc.* 996 F. Supp. 1418, 1438 (M.D. Ala. 1998). In order to recover, a plaintiff must show "by affirmative proof that the alleged incompetence of the employee was actually known to the employer or was discoverable by the employer if it had exercised [reasonable] care and proper diligence." *Ledbetter v. United American Insurance Co.*, 624 So. 2d 1371, 1373 (Ala. 1993). Furthermore, a plaintiff must show that the breach of the employer's duty to supervise its employees proximately caused the plaintiff's injury. *See Keel v. Banach*, 624 So. 2d 1022, 1026 (Ala. 1993) (stating that there are four elements of negligence in Alabama: (1) duty; (2) breach of duty; (3) proximate cause; and, (4) injury arising therefrom). The court agrees with plaintiff's assertion that

> if the plaintiffs prove the factual allegation that Taco Bell was aware of such racial discrimination occurring at the restaurant and that Taco Bell failed to undertake corrective training and supervision measures, then the

7

> plaintiffs would be entitled to recover damages from Taco
> Bell under a theory of wrongful training or supervision.[9]

Defendant's motion to dismiss thus is due to be denied, because it does not appear beyond all doubt that plaintiffs cannot prove any set of facts to support their claim.

### B. Plaintiffs' Motion to Compel

Plaintiffs' attorney filed a motion to compel discovery responses to interrogatories and requests for production on May 14, 2001. Plaintiffs' counsel certifies that "movant has in good faith conferred or attempted to confer with the ... party failing to make the discovery in an effort to secure the information without court action."[10] Defendant's attorney argues that, despite such certification, "[p]laintiff's counsel has failed to confer with counsel for Taco Bell" in an attempt to secure the information sought.[11] Counsel for defendant points out that plaintiffs' attorney simply made a telephone call on May 14, 2001 (the same date the motion was filed), and "merely advise[d] that a motion to compel [would] be forthcoming and the basis of the motion."[12] On the date of that telephone call, defendant's lead counsel was out

---

[9] Plaintiffs brief in response to motion to dismiss, at 6.

[10] Plaintiffs' motion to compel (doc. no. 31).

[11] Defendant's motion to continue the hearing on plaintiffs' motion to compel (doc. no. 32), ¶ 1.

[12] *Id.*

8

of town. Moreover, defendant has indicated that "a review of Plaintiffs' Motion to Compel reveals that [the current dispute] may be resolved by a conference between the parties and without the necessity of this Court's intervention."[13]

There are 2 prerequisites to filing a motion to compel under Rule 37. First, the parties must make good faith efforts to confer with each other, in order to resolve the discovery dispute without court involvement. Fed. R. Civ. P. 37(a)(2)(B). Next, the motion to compel must include a certification stating that the movant has undertaken such good faith efforts. The failure to follow these requisite procedures is grounds for the court to deny the motion.

While plaintiffs' attorney has certified that she met the requirements of Rule 37, "good faith [compliance] cannot be shown merely through <u>the perfunctory parroting of statutory language on the certificate</u> to secure court intervention; rather [Rule 37] mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (emphasis added). Certainly, Rule 37 requires more than a telephone call, made on the same day the motion to compel is filed, and which merely informs the opposing party that a motion to compel is forthcoming.

---

[13] *Id.*, ¶ 2.

Indeed, Rule 37 requires that the parties engage in "meaningful negotiations." *Id.* ("[A] moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.").

The filing of a motion to compel prior to engaging in meaningful negotiations is particularly unsavory in this case, where defendant has stated that many of the matters raised by plaintiff are likely to be resolved without the necessity of court intervention. *See Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996) ("Failure to confer ... result[s] in unnecessary motions.").

This court finds that plaintiffs' attorney has failed to meet Rule 37's prerequisites to filing a motion to compel and, accordingly, plaintiffs' motion is due to be denied.

### IV. CONCLUSION

For the foregoing reasons, both defendant's motion to dismiss plaintiff's amended complaint (doc. no. 28) and plaintiffs' motion to compel (doc. no. 31), are due to be denied. Further, defendant's motion to continue the hearing on plaintiffs' motion to compel (doc. no. 32) will be denied as moot. An appropriate order consistent with this memorandum opinion will be entered

contemporaneously herewith.

DONE this 18th day of May, 2001.

                                     /s/ Lynwood Smith
                                 United States District Judge